# THE PEOPLE OF THE STATE OF NEW YORK *v.* THE UNIVERSAL LIFE INSURANCE COMPANY.

## (SARAH F. BIRNBAUM, APPELLANT.)

*Receiver of insolvent insurance company — duty of, as to payment of unpreferred claims — no deduction for payments made before his appointment can be made.*

In proceedings instituted against the Universal Life Insurance Company, in Virginia, in 1878, the appellants, who were residents of Virginia, having procured judgments against the company upon policies issued to them, received, on December 21, 1880, a portion of the amounts due thereon under a decree of a Virginia court distributing the proceeds of securities which had been deposited in that State for the benefit of policyholders. On December 17, 1881, the company

was adjudged by the courts of the State of New York to be insolvent, and a receiver was appointed, to whom the policies owned by the appellants were presented, a dividend being claimed upon the balance remaining unpaid in the same proportion as should be paid on other demands against the company.

*Held,* that it was error for the court to charge against and reduce the dividend payable upon such claim by the amount which had been paid upon these policies under the proceedings in the State of Virginia

*Hunt* v. *Knickerbocker Life Insurance Company* (101 N. Y., 636), distinguished.

Under the statutes of this State, the receiver of an insolvent corporation is bound to apply the assets or their proceeds remaining in his hands, after the payment of debts entitled to a preference under the laws of the United States, and judgments, so far as they are liens upon the real estate of the corporation, equally among all its other creditors, as their demands existed at the time of his appointment.

No authority has been given to a receiver, or to the courts regulating his proceedings, by which one class of creditors shall be wholly or partially excluded from their proportionate part of the assets of the company, by reason of previous payments made upon their debts before the appointment of the receiver.

APPEAL from an order overruling an exception to the report of a referee, and affirming his report.

*Raphael J. Moses, Jr.,* for the appellant.

*Charles J. Everett,* for the receiver, respondent.

DANIELS, J.:

In this action a receiver was appointed on the 17th of December, 1881, of the property and effects of the defendant as an insolvent insurance corporation.

The appellants were insured by policies issued by the company in various amounts. They were residents of the State of Virginia, and after similar proceedings had been previously instituted against the company in the State of Virginia, they proceeded, as they were authorized to do by its laws, to appropriate, toward the payment of their policies, securities which had been deposited in that State for that purpose, and their proceedings resulted in the distribution of the fund under the control of the authorities of the State of Virginia, between these parties on the 21st of December, 1880, about one year previous to the appointment of this receiver. An adjustment of the affairs of the company was made in such a manner as to result in the discontinuance of the proceedings taken previous to that time for a dissolution of the corporation and the settlement of its affairs, and

the action in which the receiver was appointed was a distinct and independent proceeding from that, having been commenced after the company had again become insolvent. These policies were presented for allowance to the receiver, and a dividend claimed upon them in the same proportion as should be payable on other demands against the company. But the referee disallowed the claim so far as to deduct from this proportion the amount which had been paid upon these policies under the proceedings in the State of Virginia, and the court affirmed his report so far as it in that manner qualified or reduced the claims of the applicants.

This ruling seems to have proceeded upon the decision made in the case of *Hunt* v. *The Knickerbocker Life Insurance Company* (101 N. Y., 636), where it was held by the General Term, and affirmed by the Court of Appeals, that the amount in that case obtained by the policyholder under similar proceedings in the State of Virginia, should be deducted from his proportionate amount of the other assets of the corporation. But in that case the proceedings in the State of Virginia, through which the money was realized, were commenced and terminated, after the appointment of the receiver, and resulted in appropriating to the payment of the holder of the policy a part of the assets owned by the company at the time of his appointment, while here the securities, out of which the payments were made upon the Virginia policies, were no part of the assets of the company at the time of its second insolvency or when the receiver was appointed by the court. Before either of these events arose these securities had been disposed of, and the moneys had been applied upon the Virginia policies, and they remained as legal demands against the company for the residue of their amounts at the time the proceedings were instituted in which the receiver was appointed. At that time, consequently, the policies were legal and existing claims against the company for the amounts to which they had in this manner been reduced.

By section 1793 of the Code of Civil Procedure it has been declared that the final judgment for the dissolution of a corporation "must provide for a just and fair distribution of the property of the corporation, and of the proceeds thereof, among its fair and honest creditors, in the order and in the proportions prescribed by law, in case of the voluntary dissolution of a corporation "

When the judgment was obtained in this action the applicants were fair and honest creditors of the corporation for the amounts unpaid upon their respective policies, and by the statute to which reference has been made in this section of the Code, declaring the order in which the debts shall be paid, the receiver has been directed, after the payment of debts entitled to preference under the laws of the United States, and judgments against the corporation to the extent which they shall be liens upon its real estate, to pay "all other creditors of such corporation in proportion to their respective demands," etc. (3 R. S. [7th ed.], 2401, § 79, sub. 3.) And by this direction it became the duty of the receiver to apply the assets or their proceeds remaining in his hands, after the payment of debts entitled to a preference under the laws of the United States, and judgments, so far as they were liens upon the real estate of the corporation, equally among all its other creditors as their demands existed at the time of his appointment.

The provisions of the statute are such as to place the assets of the company in the charge of the receiver for distribution in the manner specified by its directions, and no authority has been given to him, or to the courts regulating his proceedings, by which one class of creditors shall be wholly or partially excluded from their proportionate parts of the assets of the company by reason of previous payments made upon their debts before the appointment of the receiver. Under these provisions, if the company had issued its obligations for a sum of money upon which, in the course of its business, it had made payments, and thereby reduced the amount of the indebtedness, the holder would surely be entitled to have the balance remaining allowed as his debt against the company and to receive his proportionate part of the proceeds of the assets upon the balance. That would be the debt or demand existing against the company, both at the time of its insolvency, and at the time of the appointment of the receiver. But still it would be no more so than was the amounts of these respective policies after deducting what had been received upon them under the proceedings in the State of Virginia. After the amounts had been received the policies still remained demands against the company for the residue, and they were in that condition when the receiver was appointed and the assets of the company passed into his hands. And it

follows, that in the distribution of such assets, there should be paid on the policies the same proportionate amounts as are payable upon all other simple contract debts existing against the corporation at the time of the receiver's appointment. The object of the statute was to place creditors of the same class upon the like footing, entitled to have the assets or their proceeds applicable to their debts, distributed equally among them in proportion to their respective demands. These applicants were entitled to the application of this rule to ascertain the amounts they were respectively entitled to upon their policies, without deducting from these amounts what had been received in the proceedings against the company previous to its final insolvency and the appointment of the receiver of its property.

What the receiver obtained was the property of the company, subject to its debts as they were when he was appointed, and not as they were by transposing preceding dealings down to or subsequent to the time of his appointment. As these policies were legal demands against the company for their balances remaining unpaid and unadjusted when the receiver was appointed, such balances were the demands against the company, and it was upon such demands that the law has provided payments shall be made in proportion to their respective amounts.

The order, therefore, from which the appeal has been taken should be reversed, and an order entered sustaining the exceptions taken to the referee's report, and directing the allowance of the policies for the balances, for which they were valid claims against the company at the time the receiver was appointed, but, as the controversy presents a point not heretofore determined, it should be without costs.

DAVIS, P. J., and BRADY, J., concurred.

Order reversed, without costs.